**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

THE HERSHEY COMPANY and

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION,

Plaintiffs,

v.

TINCTUREBELLE, LLC and

TINCTUREBELLE MARIJUANKA LLC,

Defendants.

---

**COMPLAINT FOR MONEY DAMAGES AND EQUITABLE RELIEF**

---

**ACTION FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE
DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND PASSING OFF**

Plaintiffs The Hershey Company and its subsidiary, Hershey Chocolate & Confectionery Corporation (together referred to as "Hershey"), for their complaint against defendants TinctureBelle, LLC and TinctureBelle Marijuanka LLC (together, "TinctureBelle" or "defendants") for trademark infringement, trademark dilution, false designation of origin, unfair competition and passing off, state as follows:

**INTRODUCTION**

1.      This action is brought by Hershey to stop the unauthorized use of a number of famous and well-known Hershey trademarks to sell chocolate candy that contains cannabis and/or tetrahydrocannabinol. Hershey's REESE'S®, HEATH®, ALMOND JOY® and YORK®

products are among the top-selling candy brands in the United States, and both the brand names and the trade dresses used in connection with these brands are extremely famous and well-known among United States consumers.  Defendants, who are well aware of the fame and popularity of these Hershey products and marks, are manufacturing and selling cannabis- and/or tetrahydrocannabinol-laced chocolate and candy products using names, marks and designs that are knock-offs of Hershey's famous REESE'S, HEATH, ALMOND JOY and YORK trademarks and trade dresses, in order to increase sales of defendants' cannabis and tetrahydrocannabinol candy products, draw additional attention to their products, confuse consumers as to the source of their products, call to consumers' minds Hershey's famous and beloved brands, and otherwise to trade on the goodwill of Hershey and its brands.

2.      In doing so, defendants are not merely causing a likelihood of consumer confusion with Hershey's marks and products, and diluting and tarnishing Hershey's marks by creating an association in consumers' minds with products containing cannabis and/or tetrahydrocannabinol.  Defendants' unauthorized conduct also creates a genuine safety risk with regard to consumers, including children, who may not distinguish between Hershey's candy products and defendants' cannabis- and/or tetrahydrocannabinol-based products, and may inadvertently ingest defendants' products thinking that they are ordinary chocolate candy.

## NATURE AND BASIS OF THE ACTION

3.      This is an action for trademark infringement, trademark dilution, false designation of origin, unfair competition and other unlawful conduct under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and state law, seeking preliminary and permanent injunctive relief, disgorgement of profits, compensatory damages, punitive damages and other relief relating to defendants'

manufacture, distribution and sale of products that infringe and dilute certain well-known trademarks owned or licensed by Hershey.

4.      Hershey is a leading manufacturer of chocolate and confectionery products in the United States and worldwide.  For many years, Hershey has manufactured and sold REESE'S, HEATH, ALMOND JOY and YORK candy and confections using the trademarks and trade dresses alleged herein.

5.       As set forth more fully below, Hershey owns or licenses the exclusive rights to use the various REESE'S, HEATH, ALMOND JOY and YORK trademarks and trade dresses alleged herein. Notwithstanding Hershey's exclusive rights, defendants manufacture, distribute and sell cannabis and cannabis-related products using packaging, trademarks, and terminology that infringe those trademarks and trade dresses. Defendants are intentionally trading on the established goodwill of Hershey and its various products and brands in order to enhance the sales and profits associated with their Infringing Products.

6.      Defendants' actions have caused, and will continue to cause, consumer confusion as to the source, sponsorship, and/or affiliation of their goods and services as being connected with Hershey. Moreover, defendants' actions have caused, and will continue to cause, the dilution of Hershey's trademarks and trade dresses, including, but not limited to, the Hershey Trademarks.

7.      Unless such acts of trademark infringement, trademark dilution, false designation of origin, unfair competition and passing off are enjoined, plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

**PARTIES**

8.      Plaintiff The Hershey Company is a Delaware corporation with an address at 100 Crystal A Drive, Hershey, PA 17033.  The Hershey Company is a major manufacturer and seller of chocolate, confectionery and snack products, which are sold throughout the United States and this judicial district.   The Hershey Company is the exclusive United States licensee or sublicensee of the trademarks and trade dresses asserted by plaintiffs in this lawsuit.

9.      Plaintiff Hershey Chocolate & Confectionery Corporation ("HCCC") is a Delaware corporation with an address at 4860 Robb Street, Suite 204, Wheat Ridge, CO 80033. HCCC is a wholly-owned subsidiary of The Hershey Company, the owner of the REESE'S-related trademarks and trade dresses asserted by plaintiffs in this lawsuit and the exclusive United States licensee of the HEATH-related trademarks and trade dresses asserted by plaintiffs in this lawsuit.

10.      Hershey is informed and believes that defendant TinctureBelle, LLC is a Colorado limited liability corporation, doing business in Colorado, with a registered address at 62 Mount View Lane, Unit B, Colorado Springs, CO 80907.

11.      Hershey is informed and believes that defendant TinctureBelle Marijuanka LLC is a Colorado limited liability corporation, doing business in Colorado, with a registered address at 36 North Fabrication #C, Pueblo West, CO 81007.

12.      On information and belief, TinctureBelle Marijuanka LLC and TinctureBelle, LLC are affiliated companies and/or are under common ownership and control, and are acting in concert with one another in connection with the conduct described herein.

**JURISDICTION AND VENUE**

13.     The Court has subject matter jurisdiction over Hershey's federal law claims for trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) & (b).  The Court has subject matter jurisdiction over Hershey's state law claims under 28 U.S.C. § 1367.

14.     The Court has personal jurisdiction over defendants because, upon information and belief, defendants are present and doing business in the State of Colorado and this judicial district either directly or through their agents, and have distributed their infringing products to, and offered their infringing products for sale in, the State of Colorado and this judicial district.

15.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this judicial district and because a substantial part of the events giving rise to plaintiffs' claims occurred in this judicial district.

**ALLEGATIONS COMMON TO ALL CLAIMS**

<u>HERSHEY AND ITS FAMOUS AND VALUABLE BRANDS AND TRADEMARKS</u>

16.     The Hershey Company is a world famous producer of, among other things, chocolate, candy, and snack products.

17.     Founded in 1894, Hershey is one of the oldest and largest chocolate manufacturers in the United States and the largest chocolate manufacturer in North America.

18.     Since its founding, Hershey has had a commitment to quality and safety. As a result of this commitment, individuals and families the world over trust Hershey and its various brands as signifying safe and delicious treats for people of all ages.  No product manufactured,

distributed or sold by Hershey contains, or has ever contained, cannabis and/or tetrahydrocannabinol.

19.     Among Hershey's famous and well-known brands in the United States are the following:



| **The REESE'S Peanut Butter Cup** | |
| **The HEATH Bar** | |
| **The ALMOND JOY Bar** | |
| **The YORK Peppermint Patty** | |

20.     Hershey is the owner or exclusive licensee of numerous federally registered trademarks relating to the foregoing brands, including ALMOND JOY, REESE'S, HEATH and YORK, as well as registered and unregistered design marks and trade dresses for use in

connection with candy as well as other goods and services.

21.     The following is a non-exhaustive list of federally-registered Hershey trade dresses and trademarks owned by or exclusively licensed to Hershey, including the relevant dates of first use and covered goods:

| Reg. No. (Date of First use) | Mark | Goods and Services |
| --- | --- | --- |
| 3601728 (12-31-1958) |  | Peanut butter, peanut butter toppings<br><br>Candy, candy bars, confectionery chips for baking, peanut butter confectionery chips |
| 0925609 (12-15-1969) |  | Peanut butter cups |
| 3631320 (02-28-2003) |  | Candy, confectionery chips for baking |
| 4,330,229 (2008) |  | Candy |
| 2,256,226 (12-15-1969) | (orange-colored background covering the entirety of the packaging for the goods) | candy and confectionery chips for baking with peanut butter as the characterizing flavor or one of various characterizing flavors |

| 0443802 **(12-10-1945)** |  | Candy |
|---|---|---|
| 4125366 (05-31-2005) |  | Candy |
| 1404302 **(03-01-1932)** | HEATH | Candy and ice cream |
| 3840907 (01-23-1989) | HEATH | Candy for use as an ingredient in ice cream and baked products |
| 564,557 (01-28-1922) |  | PEPPERMINT PATTIE MINT (CANDY) |
| 1,644,557 (01-28-1922) |  | candy |

(*See* Exhibit A, registration certificates.)  The foregoing federally registered trademarks, along with the unregistered trademarks and trade dresses owned by or exclusively licensed to Hershey pertaining to these brands (including without limitation the trademarks and trade dresses depicted in Paragraph 19, *supra*) are individually and collectively referred to herein as the "Hershey Trademarks."

22.    Each of the Hershey Trademarks has been continuously used in commerce in the

United States since at least as early as 2006, and in some cases as early as 1922.

23.     Each of the Hershey Trademarks was used in United States commerce prior to any infringing use that is the subject of this litigation.   Hershey has priority of use over defendants with respect to the Hershey Trademarks.

24.     Each of the Hershey Trademarks has been extensively advertised and used throughout the United States.  The Hershey Company has spent hundreds of millions of dollars on advertising for products sold under these marks, and has sold billions of dollars of products under the Hershey Trademarks.

25.     Through substantial use, sales and promotion of products bearing the Hershey Trademarks by Hershey and its predecessors in interest, each of the Hershey Trademarks has become extremely well known and famous for use in connection with candy and confectionery products, has become distinctive of these products and has come to identify and indicate the source of these products to consumers and the trade.

26.     In light of the distinctiveness of the Hershey Trademarks, as well as the duration and extent of Hershey's sales, marketing and use of these marks throughout the United States, the Hershey Trademarks are distinctive and famous among consumers in the State of Colorado and throughout the United States.

27.     Each of the federally registered Hershey Trademarks is incontestable and in full force and effect.

28.     The Hershey Trademarks have become immensely valuable due, at least in part, to the significant goodwill and recognition earned as a result of Hershey's long history of sales and successful advertising efforts under these marks.

<u>DEFENDANTS' UNLAWFUL AND INFRINGING USE OF THE
HERSHEY TRADEMARKS TO SELL CANNABIS PRODUCTS</u>

29.     Upon information and belief, defendants are engaged in the business of, among other things, manufacturing, packaging, distributing and selling chocolate and confectionery products that include, contain, or incorporate cannabis and/or tetrahydrocannabinol, including under the Hershey Trademarks or marks that constitute confusingly similar and dilutive imitations of the Hershey Trademarks, throughout the State of Colorado.

30.     Upon information and belief, defendants have manufactured, packaged, distributed and sold several lines of the Infringing Products described in the foregoing paragraph since at least as early as January 2014.

31.     Defendants' Infringing Products include, but are not limited to the following products shown in the left column of the following table (with examples of some corresponding Hershey's products shown in the right column):

| Defendants' Infringing Marks and Products | Example of Hershey Products |
|---|---|
|  |  |
|  |  |

10



Examples of online advertising and promotion of some of defendants' Infringing Products are attached as Exhibit B.

32.     Defendants have not received permission from Hershey to use the Hershey Trademarks, or marks confusingly similar to the Hershey Trademarks.

33.     Defendants openly and intentionally have offered for sale and sold the Infringing Products in commerce.

34.     Defendants' trademarks and trade dresses for their Infringing Products are extremely similar to the Hershey Trademarks, as shown above, and are used by defendants in connection with chocolate and confectionery products, the same products on which the Hershey Trademarks are used.

35.     Accordingly, defendants' sale of the Infringing Products inevitably will cause confusion among consumers as to the origin, source or sponsorship of the products offered by defendants, and cause many potential purchasers to mistakenly believe that such products are the same as those offered by Hershey, or that they are in some way authorized or licensed by the source of the products sold under the Hershey Trademarks.

36.     Upon information and belief, defendants have willfully and intentionally engaged in the foregoing activities with the knowledge that the Hershey Trademarks were used, owned, registered and/or licensed by Hershey and that the advertisement, sale and marketing of the Infringing Products was unauthorized.

37.     Upon information and belief, defendants' unauthorized advertisement, sale and marketing of products using the Hershey Trademarks, or marks confusingly similar to the

Hershey Trademarks, is, and has been, a deliberate attempt to trade on the valuable trademark rights and goodwill established by Hershey in the Hershey Trademarks.

38.     Upon information and belief, defendants engaged in the foregoing actions with the intent that defendants' use of the Hershey Trademarks, or marks confusingly similar to the Hershey Trademarks, would cause confusion, mistake or deception among members of the general public.

39.     Defendants have improperly traded on, and profited from, the goodwill and reputation established by Hershey in the Hershey Trademarks.

## COUNT I: TRADEMARK INFRINGEMENT

40.     Hershey incorporates by reference the allegations contained in paragraphs 1-39 above as if separately repeated here.

41.     The marks and designs used by defendants, as described above, are confusingly similar to, and are colorable imitations of, the federally registered and unregistered Hershey Trademarks, and infringe those respective trademarks.

42.     Defendants' unauthorized use of the aforementioned marks and designs is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendants' products.

43.     Defendants' conduct as described herein violates 15 U.S.C. § 1114(1), which specifically forbids defendants to:

a.      use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

b.      reproduce, counterfeit, copy, or colorably imitate a registered mark and

apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

44.     Defendants' conduct also constitutes common law trademark infringement and trade dress infringement.

45.     Defendants' wrongful acts were committed with knowledge that such imitation, as described herein, was intended to cause confusion, reverse confusion, mistake, or deception.

46.     As a result of defendants' conduct, Hershey has been damaged and is entitled to damages, including but not limited to, defendants' profits from the sale of all infringing goods, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

47.     Hershey has been, and will continue to be, damaged by defendants' infringement of the Hershey Trademarks, damage that cannot fully be measured or compensated in economic terms. Such irreparable harm will continue unless defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT II:  FALSE DESIGNATION OF ORIGIN

48.     Hershey incorporates by reference the allegations contained in paragraphs 1-39 above as if separately repeated here.

49.     By their unauthorized use of the marks and designs described above, defendants have infringed the Hershey Trademarks, falsely designated the origin of their products, and competed unfairly with plaintiffs, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.   Hershey has been damaged and/or is likely to be damaged by the wrongful conduct of defendants.

51.   Defendants' violations of 15 U.S.C. § 1125(a) entitle Hershey to recover damages, including but not limited to, defendants' profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

52.   Hershey has been, and will continue to be, damaged by defendants' actions of false designation of origin, damage that cannot fully be measured or compensated in economic terms. Such irreparable harm will continue unless defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT III: DILUTION

53.   Hershey incorporates by reference the allegations contained in paragraphs 1-39 above as if separately repeated here.

54.   As a result of many decades of use, promotion, advertising, and sales, the Hershey Trademarks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), are famous in the State of Colorado, and were distinctive and famous prior to the date of defendants' conduct challenged herein.

55.   Defendants' conduct, as described above, is likely to dilute and is diluting the distinctive quality of the famous Hershey Trademarks, in that defendants' challenged marks and trade dresses are likely to create and have created an association between defendants' marks and trade dresses and the famous Hershey Trademarks, which impairs the distinctiveness of those famous marks and lessens the capacity of those famous marks to identify and distinguish

products marketed and sold by plaintiffs under those marks.

56.     Defendants' actions also have tarnished and are likely to tarnish the Hershey Trademarks and the goodwill associated therewith.

57.     Upon information and belief, defendants willfully intended to trade on Hershey's reputation and to cause the dilution of the Hershey Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125.

58.     Hershey has been, and will continue to be, damaged by defendants' dilution of the Hershey Trademarks, damage that cannot fully be measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Hershey's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with Hershey. Such irreparable harm will continue unless defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT IV: UNFAIR COMPETITION

59.     Hershey incorporates by reference the allegations contained in paragraphs 1-39 above as if separately repeated here.

60.     Defendants' unlawful and unauthorized use of the Hershey Trademarks, or marks confusingly similar to the Hershey Trademarks, constitutes unfair competition with Hershey in violation of state law.   Defendants' conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of the Infringing Products.

61.     Defendants' conduct was, and continues to be, calculated to cause damage to Hershey in its lawful business and has been done with the unlawful purpose of causing such damage without right or justifiable cause.

62.     Defendants' conduct as described herein has directly and proximately caused Hershey to incur substantial monetary damages.

63.     Defendants have acted willfully and maliciously and with full knowledge of the adverse effect of their wrongful conduct upon Hershey and with conscious disregard for the rights of Hershey.

64.     Defendants' unfair competition entitles Hershey to recover damages including, but not limited to, defendants' profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

65.     Hershey has been, and will continue to be, damaged by defendants' actions of unfair competition, damage that cannot fully be measured or compensated in economic terms. Such irreparable harm will continue unless defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT V: COLORADO CONSUMER PROTECTION
## C.R.S. §§ 6-1-101 ET SEQ

66.     Hershey incorporates by reference the allegations contained in paragraphs 1-39 above as if separately repeated here.

67.     Defendants, in the course of their regular business, have knowingly passed off the Infringing Products as originating from, having been sourced from, or being affiliated with Hershey.

68.     Defendants, in the course of their regular business, have, by selling, promoting, advertising, and marketing the Infringing Products, knowingly made a false representation as to the source, sponsorship, or approval of the Infringing Products by Hershey.

69.     Defendants, in the course of their regular business, have, by selling, promoting,

advertising, and marketing the Infringing Products, knowingly made a false representation as to their affiliation, connection, or association with Hershey, thereby significantly and negatively impacting the general consuming public and potential purchasers of Hershey's goods.

70.     Absent injunctive relief, defendants are likely to continue offering for sale, selling, advertising, and promoting the Infringing Products. Such acts will cause continued and irreparable harm to Hershey.

71.     The aforementioned conduct was, and is currently being, carried out in bad faith.

72.     Defendants' violations of C.R.S. §§ 6-1-101 et seq. entitle Hershey to recover damages including, but not limited to, actual damages, attorneys' fees, and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Hershey seeks the following relief:

a.     A judgment that defendants have:

(i)     Violated 15 U.S.C. § 1114 and other statutory and common law authority by infringing upon the Hershey Trademarks; and

(ii)     Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of goods or engaging in false or misleading descriptions or representations of fact with respect to the origin of goods in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of defendants and the Infringing Products with Hershey; and

(iii)     Violated 15 U.S.C. § 1125(c) and other statutory and common law authority by diluting the Hershey Trademarks and damaging Hershey and its associated brands, and

(iv)     Engaged in unfair competition by causing confusion in the minds of consumers and general public as to the source and sponsorship of goods sold by defendants; and

(iv)     Engaged in violations of C.R.S. §§ 6-1-101 and other statutory and common law authority by unfairly competing with Hershey; and

b.     That, pursuant to 15 U.S.C. § 1116, defendants and their owners, members, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

(i)     Infringing on the Hershey Trademarks in any manner;

(ii)     Manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the Hershey Trademarks, the marks, and trade dresses and designs of defendants described herein, or any confusingly similar marks, trade dresses or designs; and

(iii)     Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an impression that defendants' goods are endorsed or authorized by Hershey or any related company, are sponsored by Hershey or any related company, or are connected in any way with Hershey or any related company; and

(iv)     Using the Hershey Trademarks, the marks, and trade dresses and designs of defendants described herein, or any confusingly similar marks, trade dresses or designs, in promotional literature or materials, including those posted on the Internet.

(v)     Holding themselves out as a licensee or otherwise authorized users of the

Hershey Trademarks; and

(vi)     Using the Hershey Trademarks, or any marks, trade dresses or designs confusingly similar to the Hershey Trademarks, in any manner whatsoever;

c.     That, pursuant to 15 U.S.C. § 1117 and state law, Hershey be awarded such damages as are available under the Lanham Act and state law, including but not limited to actual damages, statutory damages, defendants' profits and treble damages;

d.     Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark infringement, trademark dilution, false designation of origin, and unfair competition and other violations of federal and state law, and awarding treble profits pursuant to 15 U.S.C. § 1117(a) on the ground that defendants engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

e.     That this case be declared an exceptional case pursuant to 15 U.S.C. § 1117 and state law, because of the willful and deliberate nature of defendants' acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition, entitling plaintiffs their reasonable attorneys' fees;

f.     That plaintiffs be awarded their costs and expenses of this action;

g.     Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact for defendants' willful and knowing trademark infringement and unfair competition, pursuant to the common law; and

h.     Ordering defendants to recall from all chains of distribution all goods, product packaging, product displays, promotional materials, advertisements, commercials, infomercials

and other items, the dissemination by defendant of which would violate the injunction herein requested;

i.     Ordering defendants to deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed, or used, would violate the injunction herein granted, and to disable all web sites to the extent they contain any content, the display or use of which would violate the injunction herein requested;

j.     That defendants be required to assign and transfer to Hershey the rights to any domain name that includes or is confusingly similar to or dilutive of any of the Hershey Trademarks;

k.     That Hershey be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications related to the Infringing Products;

l.     Ordering defendants to pay for and cause to be disseminated to each distributor and reseller of defendants' Infringing Products a notice advising said persons of defendants' acts of trademark infringement and dilution, false designation of origin, and unfair competition and advising of the issuance and content of the injunction herein requested;

m.     Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiffs within thirty (30) days after service on defendants of an order granting an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction

n.      That plaintiffs be awarded such other damages to which they may show themselves entitled to recover;

o.      All other just and proper relief.

Dated:  June 3, 2014

Respectfully submitted,

 s/Carl F. Manthei
Carl F. Manthei
OLLILA LAW GROUP, LLC
2569 Park Lane, Suite 202
Boulder, CO 80026
Telephone: (303) 938-9999
cmanthei@olgip.com

Paul C. Llewellyn
Kyle D. Gooch
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Telephone: (212) 836-8000
paul.llewellyn@kayescholer.com
kyle.gooch@kayescholer.com

Attorneys for Plaintiffs The Hershey
Company and Hershey Chocolate &
Confectionery Corporation