Civil Action No. 1:14-cv-01564-WYD-WJW

THE HERSHEY COMPANY and

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION,

Plaintiffs,

v.

TINCTUREBELLE, LLC,

TINCTUREBELLE MARIJUANKA LLC and

CHARMIN MAYES

Defendants.

---

## CONSENT ORDER

---

**WHEREAS**, Hershey Chocolate & Confectionery Corporation is the owner and The Hershey Company is the licensee of various marks associated with the REESE'S® brand for candy and confectionery products, including, without limitation, the marks REESE'S®, REESE'S MILK CHOCOLATE PEANUT BUTTER CUPS®, REESE'S® PEANUT BUTTER CUPS, REESE'S PUFFS®, and a variety of other marks and trade dresses used in connection with such products (together, the "REESE'S Marks"), including, without limitation, the marks set forth in United States Trademark Registration Nos. 925,609; 1,215,096; 2,256,226; 2,491,191; 3,601,728; 3,631,320; 4,148,621; 4,330,229; and 4,432,557 (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-1);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Huhtamaki Finance B.V. that are associated with the HEATH® brand

for candy and confectionery products, including, without limitation, the mark HEATH® as set forth in United States Trademark Registration Nos. 1,404,302 and 3,840,907 and a variety of other marks and trade dresses used in connection with such products (together, the "HEATH Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-2);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Kraft Foods Ireland Intellectual Property Limited and Cadbury Ireland Limited that are associated with the ALMOND JOY® brand for candy and confectionery products, including, without limitation, the mark ALMOND JOY® as set forth in United States Trademark Registration Nos. 443,802 and 4,125,366 and a variety of other marks and trade dresses used in connection with such products (together, the "ALMOND JOY Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-3);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Kraft Foods Ireland Intellectual Property Limited that are associated with the YORK® brand for candy and confectionery products, including, without limitation, the mark YORK® as set forth in United States Trademark Registration Nos. 564,557 and 1,644,557 and a variety of other marks and trade dresses used in connection with such products (together, the "YORK Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-4);

**WHEREAS**, Hershey Chocolate & Confectionery Corporation is the owner and/or The Hershey Company is the licensee of a number of other trademarks and trade dresses for candy and confectionery products sold by The Hershey Company in the United States, including without limitation the marks set forth on Exhibit A-5 and the trade dresses used by Hershey in

connection with those marks (together, the "Other Hershey Marks" and, collectively with the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks, the "Hershey Marks");

**WHEREAS**, Hershey Chocolate & Confectionery Corporation and The Hershey Company (together, "Hershey") accused defendants TinctureBelle, LLC and TinctureBelle Marijuanka LLC (together, the "TinctureBelle Companies") of advertising, distributing and selling in the United States various candy or confectionery products containing cannabis or tetra-hydrocannabinol (the "Original Accused TinctureBelle Products," examples of which are depicted in Exhibit B hereto) using names and/or trade dresses that infringe and dilute the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks;

**WHEREAS**, on June 3, 2014, Hershey commenced this action against the TinctureBelle Companies alleging claims for, *inter alia*, trademark infringement, trademark dilution, false designation of origin, unfair competition and violation of the Colorado Consumer Protection statute (C.R.S. § 6-1-101 *et seq.*), all in relation to the Original Accused TinctureBelle Products, which Hershey contended infringed and diluted its REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks;

**WHEREAS**, simultaneously with the submission of this Consent Order to the Court, Hershey has filed a First Amended Complaint in this action adding as parties the above-named individual defendant (collectively with the TinctureBelle Companies, "TinctureBelle"), who is an officer of both of the TinctureBelle Companies;

**WHEREAS**, TinctureBelle has informed Hershey that certain of the Original Accused TinctureBelle Products are no longer being sold in the form depicted in Hershey's complaint in

the Litigation, and has provided Hershey with examples of products with revised names and/or packaging;

**WHEREAS**, Hershey continues to object to certain of the revised versions of the Accused TinctureBelle Products depicted in Exhibit C (the "New Accused TinctureBelle Products" and, together with the Original Accused TinctureBelle Products, the "Accused TinctureBelle Products");

**WHEREAS**, TinctureBelle denies the claims asserted against it and denies that its conduct alleged in the Litigation violates Hershey's rights; and

**WHEREAS**, Hershey and TinctureBelle have agreed to entry of this Consent Order;

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Hershey and TinctureBelle and has subject matter jurisdiction of this action.

2. TinctureBelle represents that:

    a. as of no later than December 30, 2013, TinctureBelle has ended all distribution, advertising, sale and other use anywhere in the world of:

        i. the Accused TinctureBelle Products, and any packaging or other variations thereof, and

        ii. any names, marks, package designs or trade dresses that are confusingly similar to, imitative of or an attempted satire of, any Hershey Marks; and

    b. at no time has it used, in any products, whether as ingredients or components or in any other manner whatsoever, any products manufactured or distributed by Hershey.

3.      Within three days after entry of this order, to the extent that it has not already done so pursuant to the parties' agreement effective as of September 22, 2014 (the "Settlement Agreement"), TinctureBelle will provide to its distributors, customers, resellers and retailers of its Accused TinctureBelle Products a copy of a recall notice substantially in the form depicted in Exhibit D, which shall advise those parties to (i) cease further sale of the Accused TinctureBelle Products; (ii) destroy any unsold inventory of the Accused TinctureBelle Products; and (iii) remove any advertising or marketing materials, including webpages, that reference the Accused TinctureBelle products or packaging.

4.      TinctureBelle shall refrain in the future from:

a.      using, in any media and any channels of advertising, distribution or sale anywhere in the world, including without limitation product labeling, product packaging, print advertising, in-store displays, domain names, keywords, metatags, online names and handles, hashtags, social media identities, social media posts, and internet advertising:

i.      the terms or marks HASHEES, GANJA JOY, HASHEATH, HASHEATS, THINGAMAJIGGY and REEFER'S, and any substantially similar or confusingly similar variations thereof;

ii.      the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks, the YORK Marks and the Other Hershey Marks, and any substantially similar or confusingly similar variations thereof;

iii.      the product packaging and trade dresses shown in Exhibit B, and any substantially similar or confusingly similar variations thereof;

    iv.  any product packaging and trade dress that is substantially similar or confusingly similar to the packaging and trade dress for Hershey's REESE'S, HEATH, ALMOND JOY and YORK branded products;

    v.  any names, marks, package designs or trade dresses that are confusingly similar to, imitative of or an attempted satire of, any Hershey Marks;

    vi.  the mark or term REEFER, in connection with any candy, confectionery or other edible products containing peanut butter or characterized by a peanut butter flavor; and

    vii.  any design or trade dress that bears a partially or predominantly orange background or that uses any combination of orange, yellow and brown elements, in connection with any candy, confectionery or other edible products containing peanut butter or characterized by a peanut butter flavor;

  b.  using, in any products manufactured, repackaged, advertised, distributed or sold TinctureBelle, whether as ingredients or components or in any other manner whatsoever, any products manufactured or distributed by Hershey;

  c.  making any statements in any media or channels whatsoever claiming or suggesting that any products manufactured, repackaged, advertised, distributed or sold TinctureBelle are in any way approved by, sponsored by, authorized by or otherwise affiliated or associated with Hershey; and

  d.  making any false or disparaging statements about Hershey or its products (and will remove and disable the webpage at http://www.wherevent.com/detail/Audrey-Hatfield-Tincturebelle-Legal-

Defense-Fundraiser and any other materials in its custody or control that disparage Hershey or cast it in a negative light).

5.      TinctureBelle represents that as of the date of this Consent Order, to the best of its ability, it has removed and deleted from the Internet and all social media and other electronic channels all advertising, posts, messages and similar communications in the custody or control of TinctureBelle, the dissemination of which by TinctureBelle would violate Paragraph 4 hereof.

6.      TinctureBelle shall refrain both now and in the future from registering, applying to register or maintaining the registration, anywhere in the world, of any design, trade dress, trademark, domain name, online name or handle, or social media identity, the use of which by TinctureBelle is prohibited by Paragraph 4 hereof.

7.      Hershey reserves the right to object to future packaging, advertising and marketing materials of TinctureBelle that Hershey believes violate its intellectual property or other rights.

8.      Within one week after execution of this Consent Order, TinctureBelle shall:

     a.      provide to Hershey, through counsel in Colorado, two physical specimens (including contents and packaging) of (i) each product depicted in Exhibit B; (ii) each product depicted in Exhibit C; and (iii) each other product, the sale by TinctureBelle of which would violate Paragraph 4 hereof, to the extent any such specimens remain in existence; and

     b.      destroy all remaining specimens of each product, including without limitation cartons, containers, packaging, wrappers, labels, displays and any other materials, in the custody or control of TinctureBelle or Charmin

Mayes, the sale by TinctureBelle of which would violate Paragraph 4 hereof.

9. TinctureBelle represents that neither the TinctureBelle Companies nor Charmin Mayes:

    a.    have licensed to third parties or assigned to any other person or entity any design, trade dress or trademark described in Paragraph 4 hereof; or

    b.    owns any applications or registrations anywhere in the world for any design, trade dress or trademark described in Paragraph 4 hereof.

10. TinctureBelle hereby acknowledges the validity of Hershey's rights in the Hershey Marks as described herein and as depicted in the Exhibits hereto, and shall not seek to cancel or otherwise challenge the validity or enforceability of Hershey's rights therein or assist any others in doing so.

11. Prior to the execution of this Consent Order, TinctureBelle has provided to Hershey, though counsel, a written statement of sales by the TinctureBelle Companies and by Charmin Mayes of the Accused TinctureBelle Products. TinctureBelle represents and warrants that the written statement it has provided to Hershey constitutes a complete and accurate accounting of all sales by the TinctureBelle Companies and by Charmin Mayes of any Accused TinctureBelle Products and any products using substantially similar packaging.

12. TinctureBelle expressly recognizes and acknowledges that a violation or breach by it of any of the representations, covenants, conditions, agreements, or undertakings in this Agreement will cause Hershey irreparable harm which cannot be adequately calculated or remedied solely in money damages in an action at law, thereby entitling Hershey to seek (in

addition to any other remedy to which it may be entitled at law) immediate injunctive relief or other equitable remedies.

13.     TinctureBelle shall comply with the terms of the Settlement Agreement.

14.     Pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), within thirty days after service upon TinctureBelle of this Consent Order, TinctureBelle shall serve upon Hershey, a report in writing under oath setting forth in detail the manner and form in which TinctureBelle has complied with this Consent Order;

15.     In the event that a court of competent jurisdiction finds that TinctureBelle has engaged in a breach or violation of this Consent order, Hershey shall be entitled (in addition to any other remedy to which it may be entitled at law) to its reasonable attorneys' fees incurred in enforcing its rights under this Consent Order.  In addition, in the event that a court of competent jurisdiction finds that TinctureBelle has engaged in a breach or violation of Paragraph 1, 2, 3, 4, 5 or 13 of this Consent Order, because the actual damages sustained by Hershey as a result of such breach would be impracticable or extremely difficult to calculate, Hershey shall be entitled (in addition to any other remedy to which it may be entitled at law) to liquidated damages in the amount of $25,000 per breach (which amount is expressly agreed to represent a fair estimate of the damage that will accrue as a result of each such breach, to the extent such breach is compensable in money, and not a penalty) or such actual damages or profits that Hershey establishes, whichever is greater.

16.     This Court shall retain continuing jurisdiction over the persons and entities identified in this Consent Order and over the subject matter of plaintiffs' Complaint to ensure compliance and performance with the terms of this Consent Order and to modify the Consent Order as justice so requires.

17. The provisions of this Consent Order shall apply worldwide.

DATED: _____, 2014.

_____
WILEY Y. DANIEL
United States District Court Judge

The undersigned parties, by their duly authorized attorneys, hereby consent to the entry of this

Consent Order:

By: /s/ Carl F. Manthei_____
    Carl F. Manthei
    OLLILA LAW GROUP, LLC
    2569 Park Lane, Suite 202
    Boulder, CO 80026
    Telephone: (303) 938-9999
    cmanthei@olgip.com

    Paul C. Llewellyn
    Kyle D. Gooch
    KAYE SCHOLER LLP
    425 Park Avenue
    New York, New York 10022
    Telephone: (212) 836-8000
    paul.llewellyn@kayescholer.com
    kyle.gooch@kayescholer.com

    Attorneys for Plaintiffs The Hershey
    Company and Hershey Chocolate &
    Confectionery Corporation

By: /s/ Eric B. Liebman_____
    Eric B. Liebman
    MOYE WHITE LLP
    16 Market Square, 6th Floor
    1400 16th Street
    Denver, CO 80202-1486
    Telephone: (303) 292-7944
    eric.liebman@moyewhite.com

    Attorneys for Defendants
    TinctureBelle, LLC, TinctureBelle
    Marijuanka LLC and Charmin Mayes

# EXHIBIT A-1

## PRINCIPAL REGISTER
### Trademark

Ser. No. 372,548, filed Oct. 5, 1970



H. B. Reese Candy Co., Inc. (Delaware corporation)
Hershey, Pa.   17033

For: PEANUT BUTTER CUPS, in CLASS 46 (INT. CL. 30).

First use Dec. 15, 1969; in commerce Dec. 15, 1969.

The terms "Milk Chocolate" and "Peanut Butter Cups" are disclaimed apart from the mark as shown.

The drawing is lined for the colors orange, brown, and yellow.

Owner of Reg. Nos. 554,995 and 878,315.

P. P. GRALNICK, Examiner

Int. Cl.: 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Reg. No. 1,215,096
Registered Nov. 2, 1982

## TRADEMARK
### Principal Register

## REESE'S

Hershey Foods Corporation (Delaware corporation)
19 E. Chocolate Ave.
Hershey, Pa. 17033

For: CANDY, in CLASS 30 (U.S. Cl. 46).
First use 1919; in commerce 1919.
Owner of U.S. Reg. Nos. 554,995, 1,141,906 and others.
Sec. 2(f).

Ser. No. 300,125, filed Mar. 9, 1981.

RICHARD A. STRASER, Primary Examiner

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 2,256,226

**United States Patent and Trademark Office** Registered June 29, 1999

## TRADEMARK
### PRINCIPAL REGISTER



HOMESTEAD, INC. (DELAWARE CORPORA-
TION)
111 CONTINENTAL DRIVE, SUITE 309
NEWARK, DE 19713

FOR: CANDY AND CONFECTIONERY
CHIPS FOR BAKING WITH PEANUT BUTTER
AS THE CHARACTERIZING FLAVOR OR AS
ONE OF VARIOUS CHARACTERIZING FLA-
VORS, EXCLUDING CANDY OR CONFEC-
TIONERY CHIPS FOR BAKING WHICH ARE
EITHER ORANGE IN COLOR OR ORANGE
FLAVORED, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12–15–1969, FIRST USED IN AN-
OTHER FORM IN 1952; IN COMMERCE
12–15–1969, FIRST USED IN COMMERCE IN
ANOTHER FORM IN 1952.

OWNER OF U.S. REG. NOS. 925,609 AND
1,574,070.
THE MARK IS LINED FOR THE COLOR
ORANGE.
THE MARK CONSISTS OF AN ORANGE-
COLORED BACKGROUND COVERING THE
ENTIRETY OF THE PACKAGING FOR THE
GOODS. THE ORANGE COLOR IS APPROXI-
MATELY EQUIVALENT TO PANTONE 165C.
THE MARK CONSISTS OF COLOR ALONE.
THE BROKEN LINES INDICATE THE POSI-
TION OF THE MARK AND DO NOT FORM
PART OF THE MARK.
SEC. 2(F).

SER. NO. 75–143,720, FILED 8–1–1996.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Reg. No. 2,491,191
Registered Sep. 18, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## REESE'S PUFFS

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORA-TION)
5060 WARD ROAD
INTELLECTUAL PROPRTY DEPARTMENT
WHEAT RIDGE, CO 80033 BY MERGER HOME-STEAD, INC. (DELAWARE CORPORATION)
WHEAT RIDGE, CO 80033

FOR: BREAKFAST CEREAL, IN CLASS 30 (U.S. CL. 46).

FIRST USE 7-9-2000; IN COMMERCE 7-9-2000.

OWNER OF U.S. REG. NO. 1,928,625.

SN 75-645,051, FILED 2-23-1999.

ESTHER BELENKER, EXAMINING ATTORNEY

Int. Cls.: 29 and 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Reg. No. 3,601,728
Registered Apr. 7, 2009

## TRADEMARK
### PRINCIPAL REGISTER



HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)
4860 ROBB STREET, SUITE 204
WHEAT RIDGE, CO 80033

FOR: PEANUT BUTTER; PEANUT BUTTER TOPPINGS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 12-31-1958; IN COMMERCE 12-31-1958.

FOR: CANDY; CANDY BARS; CONFECTIONERY CHIPS FOR BAKING; PEANUT BUTTER CONFECTIONERY CHIPS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12-31-1958; IN COMMERCE 12-31-1958.

OWNER OF U.S. REG. NOS. 1,074,163, 1,928,625 AND OTHERS.

THE COLOR(S) YELLOW AND BROWN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORD "REESE'S" IN YELLOW STYLIZED SCRIPT LETTERS KEY LINED IN THE COLOR BROWN.

SER. NO. 77-545,117, FILED 8-12-2008.

NICHOLAS COLEMAN, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,631,320

Registered June 2, 2009

## TRADEMARK
### PRINCIPAL REGISTER



HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)

4860 ROBB STREET, SUITE 204

WHEAT RIDGE, CO 80033

FOR: CANDY; CONFECTIONERY CHIPS FOR BAKING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-28-2003; IN COMMERCE 2-28-2003.

OWNER OF U.S. REG. NOS. 1,074,163, 3,492,642 AND OTHERS.

THE COLOR(S) YELLOW, BROWN AND ORANGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORD "REESE'S" IN YELLOW STYLIZED SCRIPT LETTERS KEY LINED IN THE COLOR BROWN ON AN ORANGE SWIRL DESIGN BACKGROUND.

SER. NO. 77-618,514, FILED 11-20-2008.

REBECCA EISINGER, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,148,621**

**Registered May 29, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)
SUITE 204
4860 ROBB STREET
WHEAT RIDGE, CO 80033

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 4-30-2007; IN COMMERCE 4-30-2007.

OWNER OF U.S. REG. NOS. 1,074,163, 3,603,993 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE ORIGINAL, MILK CHOCOLATE COATED, PEANUT BUTTER CUPS, MADE IN, CHOCOLATE, SINCE 1923", APART FROM THE MARK AS SHOWN.

THE STIPPLING IS FOR SHADING PURPOSES ONLY.

THE MARK CONSISTS OF A TIN DESIGN, "REESE'S" IN STYLIZED SCRIPT LETTERS WITH THE WORDS "THE ORIGINAL, MILK CHOCOLATE COATED, PEANUT BUTTER CUPS, MADE IN CHOCOLATE TOWN, SINCE 1923" AND "SO THEY MUST BE GOOD", A STYLIZED DESIGN OF A PARTIALLY EATEN PEANUT BUTTER CUP, AND A DESIGN AROUND THE TIN SIDES COMPRISING A PARTIAL STYLIZED SIDE OR EDGE OF A PEANUT BUTTER CUP. THE DOTTED LINING SHOWN IN THE MARK IS NOT A FEATURE OF THE MARK BUT IS INTENDED ONLY TO SHOW POSITION OF THE MARK ON THE CONTAINER FOR THE GOODS. THE STIPPLING SHOWN IN THE MARK IS FOR SHADING PURPOSES.

SER. NO. 85-192,733, FILED 12-7-2010.

JENNY PARK, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,330,229**

**Registered May 7, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)
SUITE 204
4860 ROBB STREET
WHEAT RIDGE, CO 80033

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 0-0-2008; IN COMMERCE 0-0-2008.

OWNER OF U.S. REG. NOS. 1,074,163, 3,601,728 AND OTHERS.

THE COLOR(S) ORANGE, BROWN, YELLOW AND BEIGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MILK CHOCOLATE", "2 PEANUT BUTTER CUPS", AND THE DESIGN OF THE CANDY, APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF "REESE'S" IN YELLOW STYLIZED SCRIPT LETTERS OUTLINED IN THE COLOR BROWN ABOVE THE WORDS "2 PEANUT BUTTER CUPS" IN YELLOW LETTERS, A STYLIZED PARTIAL DESIGN LOGO OF AN ELONGATED SIDE OF A PEANUT BUTTER CUP, A PARTIALLY EATEN STYLIZED DESIGN OF A PEANUT BUTTER CUP, AND THE WORDS "MILK CHOCOLATE" ALL ON AN ORANGE BACKGROUND. THE MARK CONSISTS OF THE COLORS ORANGE, BROWN, YELLOW AND BEIGE WITH THE COLOR ORANGE APPEARING AS BACKGROUND FOR THE ENTIRE MARK, THE COLOR BROWN APPEARING IN THE PARTIAL STYLIZED DESIGN OF A PEANUT BUTTER CUP, IN THE ELONGATED SIDE VIEW OF A STYLIZED PEANUT BUTTER CUP, AND IN THE WORDS "MILK CHOCOLATE"; THE COLOR YELLOW APPEARING IN "REESE'S" AND IN THE WORDS "2 PEANUT BUTTER CUPS"; WITH THE COLOR BEIGE APPEARING IN THE DESIGN OF THE PEANUT BUTTER CUP FILLING. THE OUTER DOTTED LINES SHOW PLACEMENT OF THE MARK AND ARE NOT PART OF THE MARK.

SER. NO. 85-459,483, FILED 10-28-2011.

LAURIE KAUFMAN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# REESE'S PUFFS

**Reg. No. 4,432,557**

**Registered Nov. 12, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION (DELAWARE CORPORATION)
SUITE 204
4860 ROBB STREET
WHEAT RIDGE, CO 80033

FOR: MUFFIN MIXES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 7-15-2012; IN COMMERCE 7-15-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,074,163, 3,306,035 AND OTHERS.

SER. NO. 85-910,454, FILED 4-22-2013.

MARYNELLE WILSON, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

**EXHIBIT A-2**

Int. Cl.: 30

Prior U.S. Cl.: 46

# United States Patent and Trademark Office

Reg. No. 1,404,302
Registered Aug. 5, 1986

## TRADEMARK
## PRINCIPAL REGISTER

## HEATH

L.S. HEATH & SONS, INC. (ILLINOIS CORPO-
RATION)
P.O. BOX 800
ROBINSON, IL 62454

FOR: CANDY AND ICE CREAM, IN CLASS
30 (U.S. CL. 46).

FIRST USE 3–1–1932; IN COMMERCE
3–1–1932.
OWNER OF U.S. REG. NOS. 936,184, 1,010,172
AND OTHERS.

SER. NO. 576,246, FILED 1–3–1986.

MARY COYLE, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office

# HEATH

**Reg. No. 3,840,907**

**Registered Aug. 31, 2010**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HUHTAMAKI FINANCE B.V. (NETHERLANDS CORPORATION)
JUPITERSTRAAT 102
2132 HE HOOFDDORP, NETHERLANDS

FOR: CANDY FOR USE AS AN INGREDIENT IN ICE CREAM AND BAKED PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-23-1989; IN COMMERCE 1-23-1989.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,404,302, 1,572,237, AND 3,309,793.

SER. NO. 77-921,003, FILED 1-27-2010.

SARA BENJAMIN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT A-3

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 443,802

Registered Mar. 7, 1950

Renewal Approved Dec. 18, 1989

## TRADEMARK
## PRINCIPAL REGISTER

# Almond Joy

CADBURY SCHWEPPES INC. (DELA-
WARE CORPORATION)
HIGH RIDGE PARK
STAMFORD, CT 06905, BY MERGER
AND CHANGE OF NAME PETER
PAUL, INC. (DELAWARE CORPORA-
TION) NAUGATUCK, CT

THE WORD "ALMOND" IS HEREBY
DISCLAIMED APART FROM THE REST
OF THE MARK AS SHOWN.

FOR: CANDY, IN CLASS 46 (INT. CL.
30).

FIRST USE 12-10-1945; IN COMMERCE
12-10-1945.

SER. NO. 71-499,273, FILED 3-29-1946.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Jan. 30, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# UNITED STATES PATENT OFFICE

Peter Paul, Inc., Naugatuck, Conn.

Act of February 20, 1905

Application March 29, 1946, Serial No. 499,273

## Almond Joy

### STATEMENT

Be it known that Peter Paul, Inc., a corporation organized under the laws of the State of Delaware and having a place of business in Naugatuck, county of New Haven, State of Connecticut, whose post office address is Naugatuck, Connecticut, has adopted and used the trade-mark shown in the accompanying drawing, for CANDY, in Class 46, Foods and ingredients of foods. The word "Almond" is hereby disclaimed apart from the rest of the mark as shown.

The trade-mark has been continuously used in the business of said corporation since December 10, 1945.

The trade-mark is applied or affixed to the goods by printing or stamping the mark on the wrappers or containers in which the goods are packed.

PETER PAUL, INC.,
By CLARENCE H. FLINT,
*Vice-President.*

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,125,366**

**Registered Apr. 10, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

CADBURY IRELAND LIMITED (IRELAND CORPORATION)
MALAHIDE ROAD COOLOCK
DUBLIN, IRELAND 5

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-31-2005; IN COMMERCE 5-31-2005.

OWNER OF U.S. REG. NOS. 443,802, 3,689,023 AND OTHERS.

THE COLOR(S) MEDIUM BLUE, LIGHTER BLUE, BROWN, WHITE, RED, GREEN AND TAN IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ALMOND" AND "MILK CHOCOLATE COCONUT & ALMONDS" AND "THE PICTORIAL REPRESENTATION OF ALMONDS", APART FROM THE MARK AS SHOWN.

THE NAME "PETER PAUL" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

THE MARK CONSISTS OF THE WORDING "PETER PAUL" IN WHITE INSIDE A RED OVAL. THIS IS ABOVE THE WORDING "ALMOND JOY" IN BROWN LETTERING WITH WHITE OUTLINING. THE LETTER "O" IN "JOY" IS REPLACED BY A BROWN AND WHITE HALF COCONUT. THE WORDING "MILK CHOCOLATE COCONUT & ALMONDS" APPEARS IN BROWN ON A TAN BANNER. THE BANNER IS BELOW THE WORDING "ALMOND JOY". A DESIGN OF TWO BROWN ALMONDS AND GREEN PALM LEAVES APPEARS TO THE RIGHT OF THE BANNER. THE BACKGROUND CONTAINS A WHITE AND BROWN HALF OPEN COCONUT, LIGHTER BLUE SHADING, AND MEDIUM BLUE PALM TREES. THE DOTTED LINES INDICATE THE POSITIONING OF THE MARK AND ARE NOT PART OF THE MARK.

SER. NO. 85-389,699, FILED 8-4-2011.

SETH A. RAPPAPORT, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT A-4**

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 564,557
Registered Sep. 30, 1952
Renewal Term Begins Sep. 30, 1992

## TRADEMARK
## PRINCIPAL REGISTER



CADBURY BEVERAGES INC. (DELA-
WARE CORPORATION)
HIGH RIDGE PARK
STAMFORD, CT 069050800, BY ASSIGN-
MENT, ASSIGNMENT, MERGER AND
CHANGE OF NAME, MERGER AND
CHANGE OF NAME, AND CHANGE
OF NAME FROM YORK CONE COM-
PANY (PENNSYLVANIA CORPORA-
TION) YORK, PA

OWNER OF U.S. REG. NOS. 294,456
AND 295,621.

SEC. 2(F).

FOR: PEPPERMINT PATTIE MINT
(CANDY), IN CLASS 46 (INT. CL. 30).

FIRST USE 1-28-1922; IN COMMERCE
1-28-1922.

SER. NO. 71-573,697, FILED 2-10-1949.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Dec. 8, 1992.*

COMMISSIONER OF PATENTS AND TRADEMARKS

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

York Cone Company, York, Pa.

Act of 1946

Application February 10, 1949, Serial No. 573,697



## STATEMENT

York Cone Company, a corporation duly organized under the laws of the Commonwealth of Pennsylvania, located at York, Pennsylvania, and doing business at 615 South Pine Street, York, Pennsylvania, has adopted and is using the trade-mark shown in the accompanying drawing, for PEPPERMINT PATTIE MINT (CANDY), in Class 46, Foods and ingredients of foods, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to labels affixed to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with section 2(f) of the act of July 5, 1946.

The mark is claimed to have become distinctive of the applicant's goods in commerce which may lawfully be regulated by Congress through substantially exclusive and continuous use thereof as a mark by the applicant in commerce among the several States for the five years next preceding the date of the filing of this application.

The trade-mark was first used on January 28, 1922, and first used in commerce among the several States which may lawfully be regulated by Congress on January 28, 1922.

The applicant is the owner of Registrations No. 294,456 and No. 295,621.

YORK CONE COMPANY,
By H. C. KESSLER,
*President.*

COMB. AFF. SEC. 8 & 15

JAN 31 1958

Int. Cl.: 30

Prior U.S. Cl.: 46

United States Patent and Trademark Office

Reg. No. 1,644,557
Registered May 14, 1991

## TRADEMARK
### PRINCIPAL REGISTER



CADBURY SCHWEPPES INC. (DELAWARE CORPORATION)
HIGH RIDGE PARK
STAMFORD, CT 069050800

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).
FIRST USE 1–28–1922; IN COMMERCE 1–28–1922.

OWNER OF U.S. REG. NOS. 564,557 AND 1,571,192.
THE DRAWING IS LINED FOR THE COLOR BLUE.

SER. NO. 74–067,397, FILED 6–11–1990.

CAROLYN GRAY, EXAMINING ATTORNEY