IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01564-WYD-WJW

THE HERSHEY COMPANY and
HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION,

    Plaintiffs,

v.

TINCTUREBELLE, LLC,
TINCTUREBELLE MARIJUANKA LLC and
CHARMIN MAYES,

    Defendants.

## CONSENT ORDER

**WHEREAS**, Hershey Chocolate & Confectionery Corporation is the owner and The Hershey Company is the licensee of various marks associated with the REESE'S® brand for candy and confectionery products, including, without limitation, the marks REESE'S®, REESE'S MILK CHOCOLATE PEANUT BUTTER CUPS®, REESE'S® PEANUT BUTTER CUPS, REESE'S PUFFS®, and a variety of other marks and trade dresses used in connection with such products (together, the "REESE'S Marks"), including, without limitation, the marks set forth in United States Trademark Registration Nos. 925,609; 1,215,096; 2,256,226; 2,491,191; 3,601,728; 3,631,320; 4,148,621; 4,330,229; and 4,432,557 (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-1);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Huhtamaki Finance B.V. that are associated with the

HEATH® brand for candy and confectionery products, including, without limitation, the mark HEATH® as set forth in United States Trademark Registration Nos. 1,404,302 and 3,840,907 and a variety of other marks and trade dresses used in connection with such products (together, the "HEATH Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-2);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Kraft Foods Ireland Intellectual Property Limited and Cadbury Ireland Limited that are associated with the ALMOND JOY® brand for candy and confectionery products, including, without limitation, the mark ALMOND JOY® as set forth in United States Trademark Registration Nos. 443,802 and 4,125,366 and a variety of other marks and trade dresses used in connection with such products (together, the "ALMOND JOY Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-3);

**WHEREAS**, The Hershey Company is the exclusive licensee in the United States of various marks owned by Kraft Foods Ireland Intellectual Property Limited that are associated with the YORK® brand for candy and confectionery products, including, without limitation, the mark YORK® as set forth in United States Trademark Registration Nos. 564,557 and 1,644,557 and a variety of other marks and trade dresses used in connection with such products (together, the "YORK Marks") (copies of the registration certificates for the foregoing registrations are attached as Exhibit A-4);

**WHEREAS**, Hershey Chocolate & Confectionery Corporation is the owner and/or The Hershey Company is the licensee of a number of other trademarks and trade dresses for candy and confectionery products sold by The Hershey Company in the

United States, including without limitation the marks set forth on Exhibit A-5 and the trade dresses used by Hershey in connection with those marks (together, the "Other Hershey Marks" and, collectively with the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks, the "Hershey Marks");

**WHEREAS**, Hershey Chocolate & Confectionery Corporation and The Hershey Company (together, "Hershey") accused defendants TinctureBelle, LLC and TinctureBelle Marijuanka LLC (together, the "TinctureBelle Companies") of advertising, distributing and selling in the United States various candy or confectionery products containing cannabis or tetrahydrocannabinol (the "Original Accused TinctureBelle Products," examples of which are depicted in Exhibit B hereto) using names and/or trade dresses that infringe and dilute the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks;

**WHEREAS**, on June 3, 2014, Hershey commenced this action against the TinctureBelle Companies alleging claims for, *inter alia*, trademark infringement, trademark dilution, false designation of origin, unfair competition and violation of the Colorado Consumer Protection statute (C.R.S. § 6-1-101 *et seq.*), all in relation to the Original Accused TinctureBelle Products, which Hershey contended infringed and diluted its REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks and the YORK Marks;

**WHEREAS**, simultaneously with the submission of this Consent Order to the Court, Hershey has filed a First Amended Complaint in this action adding as parties the above-named individual defendant (collectively with the TinctureBelle Companies, "TinctureBelle"), who is an officer of both of the TinctureBelle Companies;

**WHEREAS**, TinctureBelle has informed Hershey that certain of the Original Accused TinctureBelle Products are no longer being sold in the form depicted in Hershey's complaint in the Litigation, and has provided Hershey with examples of products with revised names and/or packaging;

**WHEREAS**, Hershey continues to object to certain of the revised versions of the Accused TinctureBelle Products depicted in Exhibit C (the "New Accused TinctureBelle Products" and, together with the Original Accused TinctureBelle Products, the "Accused TinctureBelle Products");

**WHEREAS**, TinctureBelle denies the claims asserted against it and denies that its conduct alleged in the Litigation violates Hershey's rights; and

**WHEREAS**, Hershey and TinctureBelle have agreed to entry of this Consent Order;

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Hershey and TinctureBelle and has subject matter jurisdiction of this action.

2. TinctureBelle represents that:

    a. as of no later than December 30, 2013, TinctureBelle has ended all distribution, advertising, sale and other use anywhere in the world of:

        i. the Accused TinctureBelle Products, and any packaging or other variations thereof, and

     ii. any names, marks, package designs or trade dresses that are confusingly similar to, imitative of or an attempted satire of, any Hershey Marks; and

   b. at no time has it used, in any products, whether as ingredients or components or in any other manner whatsoever, any products manufactured or distributed by Hershey.

  3. Within three days after entry of this order, to the extent that it has not already done so pursuant to the parties' agreement effective as of September 22, 2014 (the "Settlement Agreement"), TinctureBelle will provide to its distributors, customers, resellers and retailers of its Accused TinctureBelle Products a copy of a recall notice substantially in the form depicted in Exhibit D, which shall advise those parties to (i) cease further sale of the Accused TinctureBelle Products; (ii) destroy any unsold inventory of the Accused TinctureBelle Products; and (iii) remove any advertising or marketing materials, including webpages, that reference the Accused TinctureBelle products or packaging.

  4. TinctureBelle shall refrain in the future from:

   a. using, in any media and any channels of advertising, distribution or sale anywhere in the world, including without limitation product labeling, product packaging, print advertising, in-store displays, domain names, keywords, metatags, online names and handles, hashtags, social media identities, social media posts, and internet advertising:

i. the terms or marks HASHEES, GANJA JOY, HASHEATH, HASHEATS, THINGAMAJIGGY and REEFER'S, and any substantially similar or confusingly similar variations thereof;

ii. the REESE'S Marks, the HEATH Marks, the ALMOND JOY Marks, the YORK Marks and the Other Hershey Marks, and any substantially similar or confusingly similar variations thereof;

iii. the product packaging and trade dresses shown in Exhibit B, and any substantially similar or confusingly similar variations thereof;

iv. any product packaging and trade dress that is substantially similar or confusingly similar to the packaging and trade dress for Hershey's REESE'S, HEATH, ALMOND JOY and YORK branded products;

v. any names, marks, package designs or trade dresses that are confusingly similar to, imitative of or an attempted satire of, any Hershey Marks;

vi. the mark or term REEFER, in connection with any candy, confectionery or other edible products containing peanut butter or characterized by a peanut butter flavor; and

vii. any design or trade dress that bears a partially or predominantly orange background or that uses any combination of orange, yellow and brown elements, in connection with any candy, confectionery or other edible products containing peanut butter or characterized by a peanut butter flavor;

b. using, in any products manufactured, repackaged, advertised, distributed or sold TinctureBelle, whether as ingredients or components or in any other manner whatsoever, any products manufactured or distributed by Hershey;

c. making any statements in any media or channels whatsoever claiming or suggesting that any products manufactured, repackaged, advertised, distributed or sold TinctureBelle are in any way approved by, sponsored by, authorized by or otherwise affiliated or associated with Hershey; and

d. making any false or disparaging statements about Hershey or its products (and will remove and disable the webpage at http://www.wherevent.com/detail/Audrey-Hatfield-Tincturebelle-Legal-Defense-Fundraiser and any other materials in its custody or control that disparage Hershey or cast it in a negative light).

5. TinctureBelle represents that as of the date of this Consent Order, to the best of its ability, it has removed and deleted from the Internet and all social media and other electronic channels all advertising, posts, messages and similar communications in the custody or control of TinctureBelle, the dissemination of which by TinctureBelle would violate Paragraph 4 hereof.

6. TinctureBelle shall refrain both now and in the future from registering, applying to register or maintaining the registration, anywhere in the world, of any design, trade dress, trademark, domain name, online name or handle, or social media identity, the use of which by TinctureBelle is prohibited by Paragraph 4 hereof.

7.  Hershey reserves the right to object to future packaging, advertising and marketing materials of TinctureBelle that Hershey believes violate its intellectual property or other rights.

8.  Within one week after execution of this Consent Order, TinctureBelle shall:

    a.  provide to Hershey, through counsel in Colorado, two physical specimens (including contents and packaging) of (i) each product depicted in Exhibit B; (ii) each product depicted in Exhibit C; and (iii) each other product, the sale by TinctureBelle of which would violate Paragraph 4 hereof, to the extent any such specimens remain in existence; and

    b.  destroy all remaining specimens of each product, including without limitation cartons, containers, packaging, wrappers, labels, displays and any other materials, in the custody or control of TinctureBelle or Charmin Mayes, the sale by TinctureBelle of which would violate Paragraph 4 hereof.

9.  TinctureBelle represents that neither the TinctureBelle Companies nor Charmin Mayes:

    a.  have licensed to third parties or assigned to any other person or entity any design, trade dress or trademark described in Paragraph 4 hereof; or

    b.  owns any applications or registrations anywhere in the world for any design, trade dress or trademark described in Paragraph 4 hereof.

10. TinctureBelle hereby acknowledges the validity of Hershey's rights in the Hershey Marks as described herein and as depicted in the Exhibits hereto, and shall not seek to cancel or otherwise challenge the validity or enforceability of Hershey's rights therein or assist any others in doing so.

11. Prior to the execution of this Consent Order, TinctureBelle has provided to Hershey, through counsel, a written statement of sales by the TinctureBelle Companies and by Charmin Mayes of the Accused TinctureBelle Products. TinctureBelle represents and warrants that the written statement it has provided to Hershey constitutes a complete and accurate accounting of all sales by the TinctureBelle Companies and by Charmin Mayes of any Accused TinctureBelle Products and any products using substantially similar packaging.

12. TinctureBelle expressly recognizes and acknowledges that a violation or breach by it of any of the representations, covenants, conditions, agreements, or undertakings in this Agreement will cause Hershey irreparable harm which cannot be adequately calculated or remedied solely in money damages in an action at law, thereby entitling Hershey to seek (in addition to any other remedy to which it may be entitled at law) immediate injunctive relief or other equitable remedies.

13. TinctureBelle shall comply with the terms of the Settlement Agreement.

14. Pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), within thirty days after service upon TinctureBelle of this Consent Order, TinctureBelle shall serve upon Hershey, a report in writing under oath setting forth in detail the manner and form in which TinctureBelle has complied with this Consent Order.

15.    In the event that a court of competent jurisdiction finds that TinctureBelle has engaged in a breach or violation of this Consent order, Hershey shall be entitled (in addition to any other remedy to which it may be entitled at law) to its reasonable attorneys' fees incurred in enforcing its rights under this Consent Order.  In addition, in the event that a court of competent jurisdiction finds that TinctureBelle has engaged in a breach or violation of Paragraph 1, 2, 3, 4, 5 or 13 of this Consent Order, because the actual damages sustained by Hershey as a result of such breach would be impracticable or extremely difficult to calculate, Hershey shall be entitled (in addition to any other remedy to which it may be entitled at law) to liquidated damages in the amount of $25,000 per breach (which amount is expressly agreed to represent a fair estimate of the damage that will accrue as a result of each such breach, to the extent such breach is compensable in money, and not a penalty) or such actual damages or profits that Hershey establishes, whichever is greater.

16.    This Court shall retain continuing jurisdiction over the persons and entities identified in this Consent Order and over the subject matter of plaintiffs' Complaint to ensure compliance and performance with the terms of this Consent Order and to modify the Consent Order as justice so requires.

17.    The provisions of this Consent Order shall apply worldwide.

Dated:  September 24, 2014.

                                        BY THE COURT:

                                        /s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Senior United States District Judge

The undersigned parties, by their duly authorized attorneys, hereby consent to the entry of this Consent Order:

By: /s/ Carl F. Manthei
Carl F. Manthei
OLLILA LAW GROUP, LLC
2569 Park Lane, Suite 202
Boulder, CO 80026
Telephone: (303) 938-9999
cmanthei@olgip.com

Paul C. Llewellyn
Kyle D. Gooch
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
paul.llewellyn@kayescholer.com
kyle.gooch@kayescholer.com

Attorneys for Plaintiffs The Hershey Company and Hershey Chocolate & Confectionery Corporation

By: /s/ Eric B. Liebman
Eric B. Liebman
MOYE WHITE LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO 80202-1486
Telephone: (303) 292-7944
eric.liebman@moyewhite.com

Attorneys for Defendants TinctureBelle, LLC, TinctureBelle Marijuanka LLC and Charmin Mayes